# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Respondent, | ) ) ) | Criminal Action No. 3:10-cr-00032-1 |
| v. | ) ) | MEMORANDUM OPINION |
| RODNEY WAYNE BARNES,<br>Petitioner. | ) ) | By: Norman K. Moon<br>United States District Judge |

Rodney Wayne Barnes, a federal inmate proceeding *pro se*, has filed a second motion for reconsideration of my decision dismissing his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, issued on April 13, 2015, ECF 431. ECF No. 461. Following my 2015 Memorandum Opinion and Order, Barnes filed a motion for reconsideration, ECF No. 438, which I denied, ECF No. 447, and appealed that decision to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit granted a certificate of appealability on one of his claims of ineffective assistance of counsel, but ultimately affirmed my decision. *United States v. Barnes*, 652 F. App'x 222 (4th Cir. 2016).

Here, Barnes attempts to challenge his sentence by raising a ground for relief that he previously raised in his original § 2255. Specifically, he argues that I erred in determining the drug weight attributed to him, and never addressed the specific argument that counsel was ineffective for failing to argue at sentencing that a lab report should have been used to determine the drug quantity involved. Rule 60(b) Mot. at 4, ECF No. 461. I considered, and dismissed, Barnes' claim that counsel's advocacy was deficient with regard to the drug weight calculation in my April 13, 2015 Memorandum and Opinion. The Fourth Circuit, too, has addressed and dismissed Barnes' original § 2255. Accordingly, I have no jurisdiction to reconsider my dismissal of Barnes' § 2255. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers

jurisdiction on the court of appeals and divests the district court" of jurisdiction). In addition, Barnes requests permission to amend his § 2255 motion to add additional claims. ECF No. 462. As discussed above, Barnes' § 2255 motion has been fully adjudicated and I have no jurisdiction to reconsider it or to amend the petition in order to consider additional claims.

To the extent that Barnes is trying to file a second or successive § 2255 motion, I am still without jurisdiction to entertain the motion. A court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that a claim in the motion meets certain criteria. *See* 28 U.S.C. § 2255(h). As Barnes has not submitted any evidence of having obtained certification from the Court of Appeals to file a second or successive § 2255 motion, I am without jurisdiction to consider it. *United States v. Winestock*, 340 F.3d 200, 208-09 (4th Cir. 2003). Based upon the court's finding that Barnes has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This  19th  day of January, 2018

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE