**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:10-cr-00032 |
| v. | MEMORANDUM OPINION & ORDER |
| RODNEY WAYNE BARNES, | JUDGE NORMAN K. MOON |
| *Defendant.* | |

Defendant Rodney Wayne Barnes moves for reconsideration of the Court's previous Order, dated July 12, 2021, denying compassionate release based on the exceptional health risks posed to Barnes by the COVID-19 pandemic while he is incarcerated at FCI Loretto. As the Court noted in its previous order, this is the second time that Barnes has sought compassionate release on that basis. *See* Dkt. 618 p. 1. Barnes' first motion was denied after the Court concluded that even if Barnes were able to show the requisite "extraordinary and compelling reasons," the sentencing factors enumerated in 18 U.S.C. § 3553(a)—most notably, the need to protect the public from further crimes of the defendant—weighed against letting him out early. *See* Dkt. 589 pp. 4–5. *See also United States v. Graham*, No. 21-6613, 2022 WL 1172169 *1 (4th Cir. 2022) (relating three step process for analyzing compassionate release motions). That decision was affirmed by the Fourth Circuit. *See United States v. Barnes*, 839 F. App'x 824 (4th Cir. Mar. 22, 2021).

Barnes' renewed motion was denied on the grounds that it contained "no new facts that change the Court's earlier determination that the sentencing factors do not weigh in favor of release." Dkt. 618 p. 1. In the instant motion for reconsideration, Barnes insists that his renewed

motion *did* contain new facts. Specifically, it stated that the number of inmates with COVID-19 at FCI Loretto increased from zero on November 19, 2021, to 629 on December 14, 2021. Dkt. 622 ¶ 6. It also stated that Barnes himself contracted COVID-19 and that a new, more contagious variant poses new and additional risks to him. *Id*. Finally, it stated that Barnes is suffering from "'long-haul' Covid-19" and will "in all likelihood require substantial medical treatment over the ensuing years." *Id*. ¶ 7.

The Court did not overlook these facts. It considered them and found that they did not change the result. As the Court explained in its original memorandum opinion, Barnes is currently serving a sentence for his conduct as the ringleader of a conspiracy that distributed the equivalent of between 10,000 and 30,000 kilograms of marijuana throughout Charlottesville and Albermarle County. Dkt. 589 p. 5. In addition to serving as the leader and source for a vast cocaine and heroine distribution network, Barnes expanded that network by recruiting known drug users to become distributers. *Id*. And all of this occurred *after* Barnes had completed sentences on prior convictions for first degree manslaughter and criminal possession of a dangerous weapon. *Id*. While acknowledging certain indicia of post-sentencing rehabilitation, the Court nevertheless denied Barnes' first motion on the grounds that his criminal history suggested that incarceration remained necessary to protect the public. *Id*. p. 6.

The new facts identified by Barnes do not alter the outcome of the Court's previous § 3553(a) analysis, even assuming they are relevant at that step. *See* Dkt. 622 ¶ 8. There is currently only one active case of COVID-19 at FCI Loretto. *See COVID-19 Cases*, FEDERAL BUREAU OF PRISONS (last visited June 23, 2022), https://www.bop.gov/coronavirus/. Moreover, Barnes has not provided any reason to think that FCI Loretto is unable to provide adequate medical care for inmates suffering from his conditions.

The Court continues to find that Barnes' sentence of 212 months is sufficient but not greater than necessary to meet the sentencing objectives set forth in that statute. Accordingly, Barnes' motion for reconsideration, Dkt. 622, is **DENIED**.

\* \* \* \*

It is so **ORDERED**.

The Clerk of Court is hereby directed to send a copy of this Order to the parties.

ENTERED this __28th__ day of June 2022.

*[Signature]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE