**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:10-cr-00032-1 |
| v. | OPINION |
| RODNEY WAYNE BARNES, | JUDGE NORMAN K. MOON |
| *Defendant.* | |

This matter is before the Court on Defendant Rodney Wayne Barnes' Supplemental Motion to Reduce Sentence pursuant to Section 404 of the First Step Act of 2018, Dkt. 638, and *pro se* supplement to this motion, Dkt. 646.

On March 2, 2011, Defendant pled guilty to conspiracy to distribute 50 grams or more of cocaine base, 100 grams or more of heroin and 500 grams or more of cocaine hydrochloride under 21 U.S.C. §§ 841(b)(1)(A), 846, and 851, and conspiracy to commit money laundering under 18 U.S.C. § 1956(h). Dkt. 307. He received an enhanced penalty pursuant to 21 U.S.C. § 851 based on his conviction in Norfolk, Virginia Circuit Court for distribution of a controlled substance. Dkts. 113, 296. Because he was never incarcerated for his 2001 conviction in Norfolk, Virginia, Dkt. 293 ¶ 46, the conviction could not be used today for a § 851 enhancement. If sentenced today, Defendant would be statutorily subject to a mandatory minimum of four years of supervised release. 21 U.S.C. § 841(b)(1)(B).

Upon an earlier similar motion in 2015, the Court reduced Defendant's confinement sentence from 264 months to 212 months, Dkt. 415, but made no changes to his supervised release term, and thus it remains a ten-year term. For the same reasons that the Court reduced Defendant's

sentence of confinement, the Court will grant Defendant's motion for sentence reduction, Dkt. 638.

## Analysis

Section 404 of the First Step Act of 2018 permits "a court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-015, § 404, 132 Stat. 015, 015 (2018). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." *Id*. In determining if modification is appropriate, the Court will first address whether a reduction is consistent with the First Step Act and will then "consider whether the authorized reduction is warranted, either in whole or in part, according to the facts set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

The parties agree that, if sentenced today, Defendant would not be subject to a § 851 enhancement, as Section 401 of the First Step Act modified the predicate offense for such an enhancement, making it a requirement for the offender to serve a "term of imprisonment more than 12 months." 21 U.S.C. §§ 802(57)(A), (58)(A); Dkt. 648 at 6; Dkt. 638 at 6–9. Without a § 851 enhancement, and with the proper term of supervised release under the First Step Act, Defendant would be statutorily subject to a mandatory minimum of four years of supervised release. 21 U.S.C. § 841(b)(1)(B).[1]

---

[1] However, as the Government notes, the ten years imposed by the Court is not outside a statutory maximum that would apply today. Dkt. 648 at 6 (citing *United States v. Collington*, 995 F.3d 347, 356 (4th Cir. 2021)).

Finding relief consistent with the First Step Act, the Court weighs the § 3553(a) factors to determine if a reduction is warranted. *Dillon*, 560 U.S. at 826. Defendant will be almost sixty at the time of his release, after serving 212 months imprisonment. Thus, it is less likely that four more years of supervised release will be needed for public protection. *See* Dkt. 648 at 6. The Court also recognizes an interest in avoiding unwarranted sentencing disparities between Defendant and those sentenced for the same crimes today. And the Court notes that Defendant "has completed numerous programs during his custodial sentence, has not received any disciplinary infractions, and is not seeking early termination of his custodial sentence." Dkt. 638 at 9.

When Defendant was sentenced, his mandatory minimum term of supervised release was eight years, and, because he was subject to a § 851 enhancement, he was sentenced to a ten-year supervised release term. If sentenced today, no longer subject to § 851 enhancement, his mandatory minimum term for supervised release would be four years. After weighing the § 3553(a) factors, the Court determines that Defendant's sentence will be followed by a term of supervised release of 4 years, per Counts 1 and 2 of his original conviction, to run concurrently. All other existing terms remain the same.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

Entered this  4th  day of October 2022.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE