**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:10-cr-00032-1 |
| v. | ORDER & OPINION |
| RODNEY WAYNE BARNES, | JUDGE NORMAN K. MOON |
| *Defendant.* | |

This matter is before the Court on Defendant Rodney Wayne Barnes' *pro se* motion to reconsider modifying his sentence, Dkt. 676. The Court has previously denied Defendant compassionate release twice, Dkts. 618, 658. The Court again denies reconsideration of Defendant's sentence.

Defendant argues that the current pleading, Dkt. 676, "presents a question of first impression regarding the structural and procedural issues of § 3553(a) errors which occurred at [his] August 31, 2011 sentencing phase – with respect to the 'margin of error' in the calculation of the drug quantity attributed to [him], and the court's failure to 'err on the side of caution to correct the errors.'" Dkt. 676 at 2. He seeks compassionate release to "correct the original sentencing errors, in question, which resulted in a significant misapplication of his applicable advisory guidelines range – per calculation of the drug amount allegedly involved." *Id.* at 2–3.

### I.  Background

On March 2, 2011, Defendant pled guilty to one count of conspiracy to distribute 50 grams or more of cocaine base, 100 grams or more of heroin and 500 grams or more of cocaine

hydrochloride under 21 U.S.C. §§ 841(b)(1)(A), 846, and 851, and one count of conspiracy to commit money laundering under 18 U.S.C. § 1956(h). Dkts. 63, 190, 307. On September 6, 2011, he was sentenced to 264 months' incarceration. Dkt. 295. On February 23, 2015, pursuant to 18 U.S.C. § 3582(c)(2), the Court reduced Defendant's confinement sentence from 264 months to 212 months, Dkt. 415, and on October 4, 2022, the Court reduced his sentence of supervised release from a ten-year term to a four-year term, Dkt. 682. Defendant argues that "the court's failure to 'err on the side of caution,' and correct the 'margin of error' drug weight calculation . . . was neither included in [Defendant's] BP-9 administrative remedy to the warden at FCI Lorette – the facility he was confined in when he initially exhausted his remedy, nor raised in his original § 3582(c)(i)(A) or reconsideration pleadings." Dkt. 676 at 4.

On September 2, 2020, the Court denied Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1). Dkt. 589. The Court found that the 18 U.S.C. § 3553(a) factors did not weigh in favor of a sentencing reduction. *Id.* On July 12, 2021, the Court again denied Defendant's motion for compassionate release, as Defendant failed to present any new facts that changed the Court's analysis, which the Fourth Circuit had affirmed, Dkt. 609. Dkt. 618.

Defendant is currently incarcerated. The Federal Bureau of Prisons website calculates his release date will be September 21, 2025.

## II.   Analysis

The compassionate release statute is understood to grant broad discretion to district courts in deciding what constitutes extraordinary and compelling circumstances warranting early release. *See United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (glossing statute as empowering courts "to consider *any* extraordinary and compelling reason for release that a defendant might raise") (emphasis original). With respect to the unique medical risks presented

by the COVID-19 pandemic, a defendant must show that both (1) the risk of contracting the virus in prison is greater than it would be outside and (2) the inmate's preexisting medical condition increases his risk of experiencing serious or fatal complications should he become infected. *High*, 997 F.3d at 186.

The Court has already denied compassionate release for Defendant based on concerns about COVID-19. Dkts. 589, 608, 618. There are no new facts or grounds presented to warrant reconsideration on this basis.

Defendant now argues that the Court, in sentencing him, relied on imprecise sources of information in calculating the drug weight at issue in his conspiracy. Dkt. 676 at 7–12. He asserts that

> the margin of error drug weight calculation involved in this case derived initially from multiple imprecised sources of information, including but not limited to the Commonwealth of Virginia Department of Forensic Science analysis or laboratory report – where only five b[a]ggies in one package of three separate groups of packages were purportedly tested positive for heroin, one group of which contained 154 glassine packages of (4.7 grams), another knotted plastic bag containing (39.0 grams), and another knotted plastic bag containing (0.358 grams), leaving remaining packages amongst the group untested.

Dkt. 676 at 8. He argues that, at sentencing, "the court did not only failed [sic] to 'err on the side of caution' and apply the lowest amount calculated – after extrapolating such weight to equally measure the drugs, but the court also failed to apply the lab-report heroin calculation into the total weight equation at all." *Id.* at 8–9. Further, Defendant contends that "the court relied on the [Probation Office's] $45,000.00 in U.S. Currency into a drug amount which ultimately resulted into [sic] double counting of the drug weight, in part, coupled with double counting the 'same' drug weight concerning joint transactions between co-defendants." *Id.* at 9. As such, he posits, "[t]he court's crack, cocaine powder, and heroin – [sic] conversion into marijuana method of drugs and money calculation ultimately resulted into double and triple counting of the same drug

3

weight that the court could have avoided." *Id.* at 9–10. This argument was also presented at sentencing, with Defendant arguing that "while it is appropriate to attribute the same drugs to each defendant in calculating that individual's drug weight [in a conspiracy], if all of the weights are simply added up and attributed [to Defendant], then the same drugs are being double- or triple-counted against him." Dkt. 291 at 5–6.

Defendant argues that the Court should reconsider its denial of his complaint regarding his sentencing guidelines based on *United States v. Collington*, 995 F.3d 347 (4th Cir. 2021), and should grant Defendant compassionate release. Dkt. 676 at 6–7. But *Collington* is inapplicable to Defendant's motion for reconsideration. The Fourth Circuit held in *Collington* that guideline errors should be corrected if a re-sentencing is warranted under Section 404(b) of the First Step Act. 995 F.3d at 355. Section 404(b) allowed defendants to petition the court for retroactive application of the Fair Sentencing Act of 2010. *Id.* at 352. And the Fair Sentencing Act has been applied to both Defendant's term of imprisonment at the time of his sentence and to his term of supervised release. *See, e.g.*, Dkts. 648, 682. *Collington* does not say that guideline errors can themselves be "extraordinary and compelling reasons" leading to release. *See* Dkt. 687 at 3.

Further, the Fourth Circuit recently held that a defendant "cannot challenge the validity of his convictions and sentence through a compassionate release motion." *United States v. Ferguson*, No. 21-6733, 2022 WL 17256572, at *1 (4th Cir. Nov. 29, 2022).

Because there are no "extraordinary and compelling reasons" justifying Defendant's release, and because he cannot challenge his sentence through a compassionate release motion, his motion for reconsideration is denied.

4

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

Entered this __8th__ day of December 2022.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE